FILED & JUDGMENT ENTERED
David E. Weich

Feb 01 2007

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA

In Re:                                )   Case No. 06-10601
                                      )          Chapter 13
**JERRY LONG**                        )
**MISTY LONG,**                       )
                                      )
          Debtors.                    )
_____)

**ORDER GRANTING MOTION FOR RELIEF FROM STAY AND**
**PERMITTING UNSECURED DEFICIENCY CLAIM**

The matter before the court presents the issue of whether 11 U.S.C. § 1325(a)(5) permits a debtor to surrender a recently purchased vehicle to the secured creditor in full satisfaction of that creditor's claim. The court has concluded that such treatment is not authorized and that the secured creditor is entitled to an unsecured claim for any deficiency balance after liquidation of the vehicle.

Background

1. The debtors have filed a Chapter 13 petition. Included in their property is a 2004 Pontiac Grand Prix vehicle purchased within 910 days prior to their petition date on which

General Motors Acceptance Corporation ("GMAC") owns a purchase money security interest. The debtors' Chapter 13 Plan of reorganization proposed to surrender the vehicle to GMAC in full satisfaction of its claim.

2. GMAC filed the present Motion for, Among Other Things, Relief From the Automatic Stay seeking relief to recover the vehicle, and to file an unsecured claim for any deficiency balance remaining after liquidation of the collateral. The debtors' Response did not oppose recovery of the car, but the debtors objected to the allowance of a deficiency claim. The court has concluded that GMAC's Motion should be granted *in toto*.[1]

## Discussion

3. Section 1325(a)(5) of the Bankruptcy Code offers debtors three options for dealing with claims secured by a vehicle: (1) obtain the secured creditor's acceptance of their Plan; (ii) provide for the payment of the claim; or (iii) surrender the vehicle. Those options have remained the same both before and after the 2005 revisions to the Bankruptcy Code under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). In pertinent part, 11 U.S.C. §

---

[1] This issue has frequent and wide application to cases in this district. Consequently, the court postponed hearing GMAC's Motion and invited the submission of briefs by any interested person. A number of such briefs were submitted and have been reviewed and considered by the court, along with the excellent briefs and arguments presented by counsel for the parties in this case. This Order represents the court's determination of this issue for the present case and for others in this district.

1325(a)(5) and the "hanging paragraph" added in 2005 provide as follows:

   (a)   [T]he court shall confirm a plan if –

....

      (5)  with respect to each allowed secured claim provided for by the plan –

         (A)  the holder of such claim has accepted the plan;

         (B)  (i)  the plan provides that –

....

            (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;

....

         (C)  the debtor surrenders the property securing such claim to such holder;

....

   For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

<u>See</u> 11 U.S.C. § 1325(a).

4. The final "hanging paragraph" added by BAPCPA prohibits the practice of "cramming down" secured creditors' claims on vehicles purchased within 910 days prior to the petition. Prior to BAPCPA such claims were split into secured claims in the amount of the depreciated value of the vehicle (which were required to be paid in full) and unsecured claims for the deficiency balance (which could be paid in part). After BAPCPA, when the debtors opt to <u>pay</u> on "910 vehicle" claims, they must pay the full contract obligation. The issue here is whether, when the debtors opt to <u>surrender</u> such a vehicle, the full contract obligation should be deemed satisfied.

5. Courts determining this issue have split, with reasonable jurists each reading the "plain language" of the statute to reach entirely opposite conclusions.[2]

6. This court has concluded that the surrender of a

---

[2] The following cases have concluded that the debtor can surrender covered collateral in full satisfaction of the underlying debt: <u>In re Pool</u>, 351 B.R. 747, (Bankr. D. Or. 2006); <u>In re Evans</u>, 349 B.R. 498 (Bankr. E.D. Mich. 2006); <u>In re Bayless</u>, No. 06-31517, 2006 WL 2982101 (Bankr. E.D. Tenn. Oct. 18, 2006); <u>In re Long</u>, No. 06-30651, 2006 WL 2090246 (Bankr. E.D. Tenn. July 12, 2006); <u>In re Ezell</u>, 338 B.R. 330 (Bankr. E.D. Tenn. 2006); <u>In re Sparks</u>, 346 B.R. 767, 773 (Bankr. S.D. Ohio 2006); <u>In re Payne</u>, 347 B.R. 278, 282 (Bankr. S.D. Ohio 2006); <u>In re Osborn</u>, 348 B.R. 500, 504 (Bankr. W.D. Mo. 2006); <u>In re Nicely</u>, 349 B.R. 600, 604 (Bankr. W.D. Mo. 2006); <u>In re Brown</u>, 346 B.R. 868 (Bankr. N.D. Fla. 2006); and <u>In re Turkowitch</u>, 2006 Lexis 3152 (Bankr. E.D. Wis. Nov. 16, 2006). Cases that have concluded that surrender of covered collateral does not necessarily satisfy fully the underlying debt include the following: <u>In re Particka</u>, ___ B.R. ___, 2006 WL 3350198 (Bankr. E.D. Mich. 2006); <u>In re Duke</u>, 345 B.R. 806 (Bankr. W.D. Ky. 2006); <u>In re Zehrung</u>, 351 B.R. 675 (W.D. Wis. 2006); <u>In re Michael Lawrence Leaks</u>, Case No. 06-69445 (Bankr. N.D. Ga. 2006); <u>In re Herman and Patricia Hoffman</u>, Case No. 06-51510 (Bankr. E.D. Mich.).

covered vehicle does not necessarily satisfy the underlying debt in full.  Rather, the creditor retains its rights under state law, and may file an unsecured claim for any deficiency balance on the debt following liquidation of the collateral.  The court has canvassed the reported decisions cited in note 2 and is persuaded by the following reasons stated in In re Zehrung and in the similar citations:

- The "plain meaning" of the statute, when taken in context of the entire interrelated statutory scheme, does not require full satisfaction of the debt by surrender of a covered vehicle.

- A proper reading of the statutory language in the context of the entire statutory scheme demonstrates that the provision does not affect creditors' state law rights (to a deficiency claim).

- The thrust of the legislative intent behind the BAPCPA revisions supports this conclusion and demonstrates that Congress did not intend to enact an anti-deficiency provision.

- A contrary conclusion would produce strange results.

In re Zehrung

7.  The District Court in In re Zehrung reversed the holding of the bankruptcy court which allowed debtors to surrender a vehicle in full satisfaction of the underlying debt.

<u>See</u> <u>Zehrung</u>, 351 B.R. at 679.  In analyzing the effect of the "hanging paragraph" of § 1325, the court reasoned as follows:

> [S]ection 506 is the means by which an allowed claim under § 502 is bifurcated between its secured and unsecured components.  If section 506 is rendered entirely inapplicable to certain claims by the hanging paragraph then those claims could not be "allowed secured claims" under a literal reading.
>
> ....
>
> A creditor taking possession of collateral does not depend upon § 506 to determine the value of its unsecured claim.  Section 506 has application only when the estate retains an interest in the collateral, a circumstance which disappears with surrender.  Rather, when collateral is surrendered pursuant to § 1325(5)(C) the amount of the remaining unsecured claim is determined by state law, <u>uniform commercial code sections 9-610</u> to <u>9-624</u>.  The creditor's rights being unmodified by § 506, it is entitled to its state law right to liquidate the collateral and retain an unsecured claim for the balance due.

<u>Id.</u> at 677-78 (citations omitted).

    8.  This court is persuaded to follow <u>In re Zehrung</u>'s conclusion that, upon surrender of a covered vehicle, the creditor is entitled to its state law right to liquidate the collateral.  If there is a deficiency balance remaining after liquidation, the creditor is entitled to an unsecured claim.

<u>Plain Meaning of § 1325</u>

    9.  The courts that have allowed surrender of a vehicle in full satisfaction of the underlying debt have largely relied on their reading of the "plain language" of § 1325.  <u>See</u> citations, <u>supra</u> note 2.  While there is some surface appeal to this

6

principle, when the language of the "hanging paragraph" is considered in the context of the entire statutory scheme, its meaning is not quite so "plain."

    10. The BAPCPA amendments of § 1325 did not alter at all the language of § 1325(a)(5)(C) regarding surrender of collateral. The "hanging paragraph" states that § 506 shall not apply for the purposes of § 1325(a)(5), but as noted in <u>Zehrung</u>, § 506 has never been necessary to determining a deficiency claim upon <u>surrender</u> of collateral in this context. Rather, it deals with treatment of clams secured by collateral that is being <u>retained</u>. <u>See</u> <u>Zehrung</u>, 351 B.R. at 677; <u>see also</u> <u>In re Particka</u>, 2006 WL 350198 at *10. Because § 506 does not apply to a vehicle that is surrendered, the language of the "hanging paragraph" -- however "plain" it may be -- simply has no application to § 1325(a)(5)(C). <u>See</u> <u>id</u>.

<u>Legislative Intent</u>

    11. BAPCPA was sponsored by the credit industry in response to increasing bankruptcy filings. While there may be a certain cynical temptation to hoist the sponsor of legislation "on its own petard,"[3] that does not make for great jurisprudence. The interpretation of § 1325 adopted here is consistent with the intent of Congress and the clear thrust of the BAPCPA amendments.

---

[3]    William Shakespeare, Hamlet, Act III, Scene iv, line 209 (Alden ed.).

12. While there is little legislative history on this issue, all that there is indicates that Congress intended to extend secured creditors' rights, not reduce them. The title of the legislation is "Giving Secured Creditors Fair Treatment In Chapter 13," and the specific section adopting the "hanging paragraph" is entitled "Restoring the Foundation for Secured Credit." See Public Law 109-8, section 306, 119 Stat. 80. The only intent that can be discerned from this is that Congress intended to increase the protection of purchase money secured creditors.

13. There is absolutely no indication in the legislative history that Congress intended the "hanging paragraph" to deprive secured creditors of rights they had had under prior bankruptcy law.

14. Reading § 1325 to permit surrender of a vehicle to satisfy the underlying debt would, in effect, mean that Congress had adopted an anti-deficiency statute. If that is what had been intended, then Congress could have done that with clear language specifically designed to accomplish that end. Such a dramatic change to fundamental and long-standing creditors' rights certainly would not have been attempted indirectly or by implication.

15. Finally, all parties agree that the main thrust of the "hanging paragraph" is to preclude the previous practice of

bifurcating and "cramming down" secured claims on recently purchased vehicles. It strains credulity to suggest that, having clearly expanded creditors' rights when the collateral was retained, Congress intended simultaneously to eliminate those creditors' rights to a deficiency claim when the collateral was surrendered. Such would certainly be an unintended result.

Anomalous Results

16. Allowing surrender of a vehicle to satisfy fully the underlying debt would produce a number of anomalous results that are not warranted by any other considerations. First, a creditor whose collateral was surrendered pursuant to the debtor's Chapter 13 Plan would have no right to a deficiency claim, while the same creditor would have a right to a deficiency claim if it recovered its collateral pursuant to § 362. Second, that same difference of treatment would occur between a creditor who recovered its collateral pre-petition and one who recovered its collateral by surrender pursuant to a Plan. Third, a non-purchase money secured creditor would retain rights to a deficiency claim, but a purchase money secured creditor would not. Finally, dismissal of the debtor's bankruptcy case subsequent to surrender of the collateral might strip the creditor of its recourse rights through a Plan that was never consummated.

17. The court can conjure up no policy that would warrant such inconsistent and nonsensical results. The holding of <u>In re Zehrung</u> and similar decisions produce no such results.

## Conclusion

18. For the reasons stated above, the court has concluded that § 1325(a)(5) does not provide for full satisfaction of the underlying debt upon surrender of a recently purchased vehicle. Rather, upon surrender, such secured creditor is entitled to an unsecured claim for any deficiency balance remaining after liquidation of the collateral.

It is therefore **ORDERED** that:

1. GMAC's Motion for relief from stay is granted.

2. GMAC shall have 120 days from the date of this Order to file an unsecured claim for any deficiency balance remaining after liquidation of its collateral.

**This Order has been signed electronically.**     **United States Bankruptcy Court**
**The Judge's signature and court's seal**
**appear at the top of the Order.**